Totten, Judge,
dissented. I do not concur in the construction given to the ninth section of the act of 1839, ch. 26, in respect to- the deed of a feme covert. *522 In Scott vs. Buchanan, 11 Humph. 472, the Court say, “At the common law, a conveyance by a feme covert, except by some matter of record, was absolutely void; and the only modes by which she could convey title to her real estate, were by fine and common recovery. A different and more convenient rule has been adopted by statute, in most, if not all the States of the Union; and that is by the joint deed of the husband and wife, and the private examination of the wife, as required by the statute authorizing this mode of conveyance. Such, as is well known, is the settled law and usage of our own State. The deed of a feme covert, so made, will have the same force and effect to pass her title to real estate, so far as it can be effected by her disability, as if she were a feme sole."
And in Perry vs. Calhoun's lessee, 8 Hum. R. 556, Turley, Judge, delivering the opinion of the Court, says, “A feme covert cannot convey a title to her lands except by a deed executed upon her private examination, made as the law directs; her signature to a deed without such private examination, is a nullity; her deeds of all kinds are void without such examination ; it is the examination which gives them validity, and not the signature; the signature being a nullity without such examination. It then, necessarily follows, that there is no divestiture of title till such examination be had, and that if suit be brought before, it is brought without title in the lessor of the plaintiff. It is not similar, in any respect, to the case of an unregistered deed of a man or feme sole; in such case, the execution of the deed by the signature, constitutes *523 it a good and valid deed, being made by one having authority in law to execute it, an inchoate legal title is passed by it, and registration makes it perfect by relation from its date. It therefore, may be registered after the action of ejectment is commenced, its date being anterior to the suit, and the title resting upon registration, by relation to the date, the lessor has title before the commencement of the, suit. Thus far, and no farther have our decisions gone on the subject.”
And so, it was held, that the private examination of the feme covert, after the institution of the suit, had no relation to the date of the deed, and that the lessor of the plaintiff had no title when the suit was instituted.
From this view of the subject, I think it clear, that the privy examination oí a feme covert, is in fact and in legal effect, the execution of her deed, and if that be defective — if it be not according to law, no interest in the estate passes by her deed. Her title remains in her, perfect and unaffected by the void deed, and no act of legislation can be permitted, under the constitution, to divest her title. For these reasons, I dissent from the opinion of the majority of the Court.